# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| COLT CHEYENNE LIGHTFOOT,<br>    Petitioner, | Case No. 1:16-cv-246 |
| | Dlott, J. |
| v. | Bowman, M.J. |
| WARDEN, WARREN<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate currently incarcerated at the Warren Correctional Institution, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1).

On December 13, 2016, the Court issued an Order requiring petitioner to specify the conviction he wishes to challenge within thirty (30) days.  (Doc. 14).  As indicated in the Order, it is unclear from the petition submitted to the Court which conviction petitioner seeks to challenge.  Portions of the petition appear to challenge three different judgments of conviction from Muskingum County, Ross County, and Warren County, while petitioner provides only information regarding his Muskingum County conviction in subsequent portions of the petition. (*See id*; Doc. 1 at PageID 1).  Noting that petitioner is not permitted to challenge multiple judgments of conviction in a single habeas corpus proceeding and that this action is properly venued in this Court only if petitioner seeks to challenge his Warren County conviction and sentence, petitioner was ordered to specify the conviction he seeks to challenge within thirty days.  Petitioner was further advised that "failure to respond to this Order within thirty (30) days may result in the dismissal of this action for want of prosecution."  (*Id.* at PageID 104).

To date, more than thirty days after the Court's December 13, 2016 Order, petitioner has failed to respond to the Order.

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). Failure of a party to respond to an order of the Court warrants invocation of the Court's inherent power in this federal habeas corpus proceeding. *See* Fed. R. Civ. P. 41(b); *see also* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Accordingly, because petitioner has failed to comply with the Order issued on December 13, 2016, petitioner's petition for a writ of habeas corpus (Doc. 1) should be **DISMISSED** for lack of prosecution. Respondent's pending motion to dismiss (Doc. 9) and petitioner's pending motion to strike and proceed to judgment on the pleadings (Doc. 12) should be **DENIED** as moot.

**IT IS SO RECOMMENDED.**

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

COLT CHEYENNE LIGHTFOOT,       Case No. 1:16-cv-246
    Petitioner,

                                                   Dlott, J.
    v.                                       Bowman, M.J.

WARDEN, WARREN
CORRECTIONAL INSTITUTION,
    Respondent.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).